BEACH *v.* INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW)

1. LIBEL AND SLANDER—PUBLICATION—DATE—ACCRUAL OF ACTION.
   An action for libel accrues on the date when the libelous statements are published (MCLA § 600.5827).

2. LIBEL AND SLANDER—LIMITATION OF ACTIONS.
   A libel action must be brought within one year from the date when the action accrued or it is barred (MCLA § 600.5805[6]).

3. LIBEL AND SLANDER—LIMITATION OF ACTIONS.
   Action for libel was barred by the one-year statute of limitations, where the publication complained of occurred on May 26, 1965 but the complaint was not filed until November 6, 1967 (MCLA § 600.5805[6]).

4. LIBEL AND SLANDER—LIMITATION OF ACTIONS—TOLLING.
   The one-year limitation period for libel actions can be tolled only in the manner prescribed by the statute of limitations (MCLA § 600.5865).

5. LIBEL AND SLANDER—LIMITATION OF ACTIONS—TOLLING.
   A union member's pursual of union remedies did not toll running of the one-year limitation period for libel as such remedies did not comply with the tolling provision of the statute of limitations (MCLA §§ 600.5805[6], 600.5865).

Appeal from Oakland, Frederick C. Ziem, J. Submitted Division 2 October 7, 1969, at Lansing. (Docket No. 6,143.) Decided October 28, 1969.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 3] 33 Am Jur, Libel § 225.
[4, 5] 34 Am Jur, Limitation of Actions § 186.

Complaint by Charles A. Beach against the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), for an injunction to prevent enforcement of a union constitutional provision against him, for damages for moneys wrongfully withheld, for an order requiring defendants to retract charges made against plaintiff in a union newspaper, and for damages for libel. Accelerated judgment for defendants. Plaintiff appeals. Affirmed.

*David E. Utley* (*Frances R. Avadenka,* of counsel), for plaintiff.

*Stephen I. Schlossberg, John A. Fillion, Jordan Rossen, Bernard F. Ashe* and *Stanley Lubin,* for defendants.

Before: QUINN, P. J., and BRONSON and T. M. BURNS, JJ.

PER CURIAM. Plaintiff, a member of the international and local union defendants, filed his complaint November 6, 1967. The action sought the following relief: to enjoin the unions from enforcing art 47, § 5, of the constitution of the international union against him, money damages for sums wrongfully withheld from plaintiff by defendants, a mandatory order requiring defendants to retract charges made against plaintiff in the union paper, and for money damages arising from an alleged libel with malice.

Defendants filed a motion under GCR 1963, 116, for an accelerated judgment of dismissal for the following reasons: the libel action was barred by the statute of limitations, plaintiff was bound by the determination of the international executive

board of his union, and the court was without jurisdiction because the plaintiff had not exhausted his union remedies.   This motion was granted, plaintiff's action was dismissed, and he appeals.

 " The alleged libelous article was published May 26, 1965.   Plaintiff's right of action for libel accrued May 26, 1965, *Grist* v. *The Upjohn Company* (1965), 1 Mich App 72, and MCLA § 600.5827 (Stat Ann 1962 Rev § 27A.5827).   The period of limitations for actions charging libel and slander is one year, MCLA § 600.5805(6)  (Stat Ann 1962 Rev § 27A.5805[6]). The time during which plaintiff pursued union remedies does not toll the statute.   MCLA § 600.5865 (Stat Ann 1962 Rev § 27A.5865).   The libel action was barred by the statute of limitations.

 . At oral argument, plaintiff withdrew the other issues raised by this appeal on the basis they were moot.

 . Affirmed, with costs to defendants.