HUDAK v EX-CELL-O CORPORATION

1. STATUTES—TITLE—MATTERS INCLUDED—LEGISLATURE.

The Legislature may preclude from the coverage of an act matters which would otherwise properly be includible within its terms, by making the title to the act unnecessarily restrictive.

2. CONSTITUTIONAL LAW—STATUTES—TITLE—OBJECT—EMPLOYMENT DISCRIMINATION—AGE.

The Michigan Constitution requires that the object of an act be expressed in its title; therefore, an amendment to an act which prohibited employment discrimination based on age was unconstitutional where the title of the act referred to discrimination based on race, color, religion, national origin or ancestry. (Const 1963, Art 4 § 24; MCLA 423.303a).

3. STATUTES—PROSPECTIVE EFFECT—RETROACTIVE EFFECT.

A statute is to be given prospective effect only unless the Legislature clearly indicates that the statute is to have retroactive effect.

Appeal from Wayne, Victor J. Baum, J. Submitted Division 1 October 16, 1974, at Detroit. (Docket Nos. 19050, 19051.) Decided January 28, 1975. Leave to appeal denied, 394 Mich —.

Complaint by Stanley Hudak and others against Ex-Cell-O Corporation and its individual directors and officers for damages for employment discrimination based on age. The Attorney General intervened with respect to the constitutionality of the applicable statute. Judgment for defendants. Plaintiffs and the Attorney General appeal. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes §§ 97–141
[2] 15 Am Jur 2d, Civil Rights § 59; 73 Am Jur, Statutes § 261.
[3] 73 Am Jur 2d, Statutes §§ 347–355.

*Jobes, LeBost & Farrior, P. C.,* and *Hall, Stone, Richardson, Grier & Glenn, P. C.,* for plaintiffs.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *James D. Tracy, Anthony J. Sapienza,* and *David M. Fitzgerald),* for defendants.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Michael A. Lockman,* Assistant Attorney General, for intervenor.

Before: V. J. BRENNAN, P. J., and T. M. BURNS and CARLAND,* JJ.

V. J. BRENNAN, P. J. Plaintiffs brought this action for damages against defendants alleging age discrimination and basing their claim on MCLA 423.303a; MSA 17.458(3a). Defendants moved for accelerated and summary judgment pursuant to the provisions of GCR 1963, 116 and GCR 1963, 117, alleging, among other things, that MCLA 423.303a; MSA 17.458(3a), prior to its amendment in 1972, was unconstitutional under Const 1963, art 4, § 24, insofar as it sought to prohibit age discrimination, because the statute contained provisions not stated in the title of the act. The trial court granted defendant's motion for accelerated judgment and it is from this decision that plaintiffs now appeal.

Plaintiffs first argue that the trial judge erred in determining that MCLA 423.303a; MSA 17.458(3a), prior to its amendment by 1972 PA 267, was unconstitutional and eliminated the basis for their action which was predicated on alleged discriminatory acts which occurred in 1970. Plaintiffs and

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the Attorney General, who intervened in this action in the court below, argue that the object of this act was to prohibit discriminatory employment practices and that the 1965 amendment to the act, which prohibited age discrimination, was within the 1955 title to the act. Intervenor suggests that the reference to the different types of discrimination in the 1955 title to the act was but a statement of a part of the means by which the object of the act was to be carried out and, using *Attorney General v Board of Supervisors of Sanilac County,* 71 Mich 16; 38 NW 639 (1888), argues that the addition of age discrimination does not "obliterate or obscure the existing object". Defendants and intervenor also argue that if age discrimination is held to be an "object" within the meaning of Const 1963, art 4, § 24 then the entire act must have been unconstitutional from its inception as comprehending four different objects. These arguments, however, all ignore the cases which have recognized that the Legislature may, by making the title to an act unnecessarily restrictive, preclude from the coverage of an act matters which otherwise would properly be includible within its terms. *Bankhead v Mayor of River Rouge,* 387 Mich 610; 198 NW2d 414 (1972); *Maki v East Tawas,* 385 Mich 151; 188 NW2d 593 (1971). At the time the alleged discriminatory acts here occurred the title to the act provided:

"An act to promote and protect the welfare of the people of this state by prevention and elimination of discriminatory employment practices and policies based upon race, color, religion, national origin or ancestry; to create a state fair employment practices commission, defining its functions, powers and duties; and for other purposes."

The body of the act, however, having been

amended by 1965 PA 344 and 1966 PA 349, went beyond this and included within its prohibition discrimination based on age without an appropriate amendment to the title of the act. The trial judge, therefore, was correct in determining that the statute, as amended, was unconstitutional at the time the acts here complained of occurred, since the body of the act exceeded the scope expressed in its title. *Maki v East Tawas, supra; People ex rel Stewart v Father Matthew Society,* 41 Mich 67; 1 NW 931 (1879).

We have considered the remaining arguments advanced by plaintiffs and intervenor and find them to be without merit. There is nothing before us, either in the act itself or otherwise, which clearly indicates that the Legislature intended the 1972 amendment to have retroactive effect. See *Briggs v Campbell, Wyant & Cannon Foundry Co,* 379 Mich 160; 150 NW2d 752 (1967). Absent this, a statute is to be given prospective effect only. Similarly, we are not persuaded by the reliance argument advanced on this appeal. Accordingly, we affirm the decision of the trial court.

Affirmed.