Odell SLED, Plaintiff,

v.

**GENERAL MOTORS CORPORATION, FISHER BODY DIVISION—FORT STREET PLANT, a Delaware Corporation, Defendant.**

Civ. A. No. 75–71288.

United States District Court, E. D. Michigan, S. D.

Jan. 15, 1976.

988

Phillip Green, Green, Green, Adams & Siefer, Detroit, Mich., for plaintiff.

David Davis, Detroit, Mich., for defendant.

## MEMORANDUM OPINION

FEIKENS, District Judge.

Plaintiff, a black man, alleges in a complaint filed on July 14, 1975 that defendant violated his rights under 42 U.S.C. §§ 1981, 1983 by discharging him on March 3, 1972 from his position as bender operator in the Fisher Body plant because of his race. Defendant moves to dismiss on the ground that the action was commenced after the applicable period of limitations had expired.

Plaintiff does not dispute that "the Michigan three-year statute of limitations [M.C.L.A. § 600.5805(7)] relating to an action for damages for injuries to the person applies". *Marlowe v. Fisher Body,* 489 F.2d 1057, 1063 (6th Cir. 1973). As the statutory period is calculated by the Michigan courts, the complaint was timely filed only if the cause of action did not accrue—or the statute was tolled—at least until July 14, 1972. *See State Accident Fund v. Catsman Co.,* 376

Mich. 194, 136 N.W.2d 21 (1965) (where accident occurred on June 6, 1960, last day for filing complaint was June 6, 1963).

Plaintiff opposes the motion on two grounds. First, he notes that plaintiff filed a union grievance which was pursued actively by the union through the third step appeal hearing. The grievance was withdrawn on July 13, 1972 when defendant would not reinstate plaintiff on a last chance basis; but the fact of withdrawal was not communicated to plaintiff by the union until July 25, 1972. Since § 1981 gives all persons the same right to make and enforce contracts as is enjoyed by white citizens, and the union grievance proceeding is a means of enforcing the collective bargaining agreement, plaintiff argues that the cause of action did not accrue until the contractual grievance proceeding was terminated adversely to him. This argument might have merit if the § 1981 action were based on the manner in which the grievance proceeding itself was conducted by defendant. However, the alleged discrimination does not relate to defendant's conduct of the grievance proceeding but to defendant's action in discharging plaintiff. In *Marlowe v. Fisher Body, supra,* the court stated:

"The record clearly discloses that an act of discrimination consisting of failure to grant advancement and overtime to plaintiff is alleged to have occurred on May 10, 1967. If the wrongful act did in fact occur on that date, then limitations began to run."

489 F.2d at 1063. *See also Johnson v. Railway Express Agency,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975) (action for employment discrimination under § 1981 "accrued if at all, not later than . . . the date of his discharge"). The court therefore holds that any cause of action under § 1981 accrued on March 3, 1972, the date of plaintiff's discharge.

Plaintiff's second contention is that the invocation of the union grievance proceedings tolled the statute of limitations. This is so, plaintiff says, "for the

reason that the processing of the grievance is in accordance with the contract that the plaintiff seeks to enforce". Supplemental Memorandum in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint at 2. As amplified upon oral argument, plaintiff's argument is that exhaustion of union remedies is a prerequisite to the prosecution of an action under § 1981, and that the running of the statute should be suspended during this disability to sue. *See Braun v. Sauerwein,* 77 U.S. (10 Wall.) 218, 19 L.Ed. 895 (1870) (statute of limitations suspended during pendency of appeal to IRS). As a matter of sound policy, plaintiff says, the resort to union grievance proceedings should be encouraged as an alternative to a federal lawsuit, rather than penalized by the continued running of the statute.

While it has been held that exhaustion of union remedies is not a prerequisite to an action under § 1981, *Henry v. Radio Station KSAN,* 374 F.Supp. 260 (N.D.Cal. 1974), the court there did not supply reasons or authority for its legal conclusion. Defendant relies upon *Johnson v. Railway Express Agency,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), where the Supreme Court held that the filing of a charge of employment discrimination with the EEOC did not toll the statute of limitations applicable to an action under § 1981. The Court rested its decision upon the legislative history of Title VII, concluding that Congress did not intend to proscribe a § 1981 action while an EEOC claim is pending. 421 U.S. at 461, 95 S.Ct. 1716. The Court was aware, however, that there were policy arguments in favor of the contrary result:

"Conciliation and persuasion through the administrative process, to be sure, often constitute a desirable approach to settlement of disputes based on sensitive and emotional charges of invidious employment discrimination. We recognize, too, that the filing of a lawsuit might tend to deter efforts at conciliation, that lack of success in the legal action could weaken the Commission's efforts to induce voluntary compliance, and that a suit is privately oriented and narrow, rather than broad, in application, as successful conciliation tends to be. But these are the natural effects of the choice Congress has made available to the claimant by its conferring upon him independent administrative and judicial remedies."

421 U.S. at 461, 95 S.Ct. at 1720.

■ Since the *Johnson* decision rests upon the legislative history of Title VII, it is distinguishable from the present case. The United States Court of Appeals for the Sixth Circuit, however, has indicated that *Johnson* applies to cases involving union grievance proceedings as well as Title VII claims. In *Guy v. Robbins & Myers, Inc.,* 525 F.2d 124 (6th Cir. 1975), the court stated:

"[T]he filing of a grievance under a collective bargaining agreement does not toll the limitation period of an applicable federal or state statute."

At 126. While this broad proposition is technically dictum to the extent it reaches claims under § 1981, since the issue on appeal was whether the filing of a union grievance tolled the limitation period for filing an EEOC complaint, it sufficiently expresses the view of the Sixth Circuit for this court to accord it deference absent a case on point to the contrary. Moreover, the Michigan Court of Appeals, construing a different subsection of the statute of limitations here in question, has held that "[t]he time during which plaintiff pursued union remedies does not toll the statute". *Beach v. International Union (UAW),* 19 Mich. App. 560, 562, 172 N.W.2d 901, 902 (1969). The headnote writer interpreted the court's decision to mean that the limitation period "can be tolled only in the manner prescribed by the statute of limitations". 19 Mich.App. at 560, 172 N.W.2d at 901.

Accordingly, the court holds that plaintiff's claim under § 1981 is barred by time.* Defendant's motion to dismiss is granted. An appropriate order may be submitted.

---

* While 42 U.S.C. § 1983 is also cited in the complaint, plaintiff appears to have abandoned this claim in view of the fact that it was not mentioned in subsequent papers or at oral argument. In any event, any § 1983 claim is likewise barred by the three-year limitation period. *Mulligan v. Schlachter,* 389 F.2d 231, 233 (6th Cir. 1968). Moreover, § 1983 is inapplicable for want of an allegation that plaintiff's civil rights were deprived under color of state law.