BARCZAK v ROCKWELL INTERNATIONAL CORPORATION

OPINION OF THE COURT

1. LIMITATION OF ACTIONS—TOLLING OF STATUTE OF LIMITATIONS—
STATUTES.

The statutes of limitations are tolled when (1) the complaint is
filed and a copy of the summons and complaint are served on
the defendant, or when (2) jurisdiction over the defendant is
otherwise acquired, or when (3) the complaint is filed and a
copy of the summons and complaint in good faith, are placed in
the hands of an officer for immediate service, but in this case
the statutes shall not be tolled longer than 90 days thereafter
(MCLA 600.5856; MSA 27A.5856).

2. LIMITATION OF ACTIONS—TOLLING OF STATUTE OF LIMITATIONS—
CIVIL REMEDIES—ADMINISTRATIVE REMEDIES.

The statute of limitations for a civil damage action is not tolled
when a plaintiff seeks relief through administrative proceed-
ings; the tolling provisions apply only to prior court proceed-
ings and lawsuits between the same parties involving the same
cause of action.

3. LIMITATION OF ACTIONS—TOLLING OF STATUTE OF LIMITATIONS—
CAUSE OF ACTION.

The tolling of the statute of limitations is independent of the
nature of the cause of action; therefore, the same provisions for
the tolling of the statute of limitations are applied to all
lawsuits regardless of the nature of the cause of action.

REFERENCES FOR POINTS IN HEADNOTES
[1–3, 5, 6] 2 Am Jur 2d, Administrative Law §§ 323, 719.
51 Am Jur 2d, Limitation of Actions § 138 *et seq.*
[4–6] 15 Am Jur 2d, Civil Rights § 73.
What statute of limitations is applicable to a damage action under
Federal Civil Rights Acts. 98 ALR2d 1160.
Federal court's adoption of state period of limitation, in action to
enforce federally created right, as including related or subsidiary
state laws or rules as to limitations. 90 ALR2d 265.
[7] 73 Am Jur 2d, Statutes §§ 111–126.

4. ELECTION OF REMEDIES—DISCRIMINATION IN EMPLOYMENT—INDE-
PENDENT REMEDIES.

The civil and administrative remedies available to a plaintiff who claims discrimination in employment due to sex are independent of each other; therefore, a plaintiff is required to take the minimal steps necessary to preserve each claim independently.

DISSENT BY M. F. CAVANAGH, J.

5. LIMITATION OF ACTIONS—CIVIL RIGHTS COMMISSION—JURISDICTION
—CIVIL ACTIONS—STATUTES.

*The acquisition of jurisdiction over a defendant by the Michigan Civil Rights Commission, a constitutionally created administrative tribunal, tolls the running of the statute of limitations applicable to a civil action for damages based upon the same facts (MCLA 600.5856[2]; MSA 27A.5856[2]).*

6. LIMITATION OF ACTIONS—STATUTE OF LIMITATIONS—CIVIL REMEDIES
—ADMINISTRATIVE REMEDIES.

*The statute of limitations applicable to a civil action seeking damages for alleged discrimination in employment due to sex was not designed to apply to a situation where, prior to bringing the civil suit, relief based upon the same facts was sought from a constitutionally created administrative tribunal.*

7. CONSTITUTIONAL LAW—STATUTES—VALIDITY—TITLES—TITLE-OBJECT
CLAUSES—DISCRIMINATION IN EMPLOYMENT.

*The title of an act need not serve as an index of all that the act contains; therefore, it is not a violation of the title-object clause of the Michigan Constitution for the body of an act to provide that sex discrimination is an unfair employment practice, where the title and object of the act promotes the prevention and elimination of discriminatory employment practices and policies based upon race, color, religion, national origin or ancestry (Const 1963, art 4, § 24, MCLA 423.301 et seq.; MSA 17.458 et seq.).*

Appeal from Wayne, John D. O'Hair, J. Submitted October 11, 1975, at Detroit. (Docket No. 23462.) Decided May 17, 1976.

Complaint by Christine Barczak against Rockwell International Corporation for damages result-

ing from employment discrimination. Accelerated judgment for defendant. Plaintiff appeals. Affirmed.

*Philo, Maki, Cockrel, Robb, Spearman & Cooper,* for plaintiff.

*Miller, Canfield, Paddock & Stone* (by *James E. Tobin),* for defendant.

Before: BRONSON, P. J., and BASHARA and M. F. CAVANAGH, JJ.

BRONSON, P. J. On August 8, 1974, plaintiff brought a civil damage action in circuit court for redress of her statutorily created right to be free from discrimination on the basis of sex in private employment. The specific statutes relied upon were the Michigan State Fair Employment Practices Act, MCLA 423.301 *et seq.;* MSA 17.458 *et seq.,* and the equal pay act, MCLA 750.556; MSA 28.824. The last complained of action by defendant was the allegedly wrongful discharge of plaintiff on June 22, 1970. Consequently, defendant made a motion for accelerated judgment pursuant to GCR 1963, 116.1(5), on grounds that plaintiff's claim was barred by the statute of limitations. On February 14, 1975, the trial judge granted that motion, and plaintiff appeals that ruling here.

The trial judge applied the three-year limitation period for injury to the person, found in MCLA 600.5805(7); MSA 27A.5805(7), to plaintiff's cause of action. Plaintiff does not argue that a longer period must apply to her claim. Instead, she argues that when she filed a complaint with the Michigan Civil Rights Commission pursuant to the Michigan State Fair Employment Practices Act, *supra,* the running of the statute of limitations

period was tolled. We cannot agree, and we therefore affirm the trial court.

Plaintiff relies on the tolling statute, MCLA 600.5856; MSA 27A.5856, which provides as follows:

"The statutes of limitations are tolled when

"(1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when

"(2) jurisdiction over the defendant is otherwise acquired, or when,

"(3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter."

She argues that § (2), tolling the statute of limitations when "jurisdiction over the defendant is otherwise acquired", applies to prior administrative proceedings. We reject that view, for a long line of Michigan cases have applied the tolling provisions only when jurisdiction over defendant is gained pursuant to *court proceedings* involving the same cause of action.

In *Buscaino v Rhodes,* 385 Mich 474, 482; 189 NW2d 202 (1971), our Supreme Court explained the scope of the tolling statute as follows:

"MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856) merely provides a substitute for the repealed CL 1948, § 609.19 (Stat Ann § 27.611). It deals only with *prior lawsuits between the parties* which have not adjudicated the merits of the action. This understanding of MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856) conforms with the scheme of the five preceding sections of the Revised Judicature Act, all of which deal with extension and suspension of periods of limitations." (Emphasis added.)

That requirement of a lawsuit was recently reiterated in *Smith v Bordelove,* 63 Mich App 384, 386; 234 NW2d 535 (1975):

"*Where a suit is commenced,* but later dismissed without prejudice, the statute is tolled for the period of time during which the court had jurisdiction over the defendant, and thereafter the statute begins to run again." (Emphasis added.)

Consistent with those expressions of the rule, the cases holding that the limitations period was tolled have all involved prior court proceedings. See *Shrader, Inc v The Ecclestone Chemical Co, Inc,* 22 Mich App 213; 177 NW2d 241 (1970), *Stewart v Michigan Bell Telephone Co,* 39 Mich App 360; 197 NW2d 465 (1972), and *Reich v State Highway Commission,* 43 Mich App 284; 204 NW2d 226 (1972).[1]

Plaintiff contends that even if, as a general rule, a lawsuit must be involved in order to toll the running of the limitations period, special considerations attach when a civil rights action is involved. She argues that the ordinary tolling rules must give way to the preeminent public policy of this state to protect its citizens against discrimination on the basis of sex. We agree that the policy of enforcing an individual's civil rights is to be given "highest priority", but we hold that the same tolling provisions apply regardless of the nature of the cause of action.

We look to Federal law, as did plaintiff, in

---

[1] The cases where tolling was not allowed are also instructive. *See Beach v UAW,* 19 Mich App 560; 172 NW2d 901 (1969) (pursuing union remedies does not toll the statute), *Forest v Parmalee,* 60 Mich App 401; 231 NW2d 378 (1975) (mere notice of the existence of a potential claim does not toll the statute), and *Smith v Bordelove,* 63 Mich App 384; 234 NW2d 535 (1975) (stating the rule but finding no prior suit).

reaching this result. In particular, we find the analysis in *Johnson v Railway Express Agency, Inc,* 421 US 454; 95 S Ct 1716; 44 L Ed 2d 295 (1975), to be helpful. In that case, the Supreme Court was called upon to determine if the filing of a charge of employment discrimination with the Equal Employment Opportunity Commission pursuant to § 706 of Title VII of the Civil Rights Act of 1964; 42 USC 2000e-5, tolled the running of the period of limitation applicable to an independent action, based upon the same facts, instituted under 42 USC 1981. Under Federal law, the state statute of limitations and tolling statutes apply unless they violate Federal policy. There, petitioner conceded that no state tolling provision was applicable, so the Court was required to examine the conflict with Federal policy.

The majority opinion, written by Justice Blackmun, held that the running of the statute of limitations did not violate the broad remedial purposes of Title VII. The reasoning was as follows:

"Although state law is our primary guide in this area, it is not, to be sure, our exclusive guide. As the Court noted in *Auto Workers v Hoosier Corp.* 383 US, at 706–707, 16 L Ed 2d 192, 86 S Ct 1107, considerations of state law may be displaced where their application would be inconsistent with the federal policy underlying the cause of action under consideration.
    *"Petitioner argues that a failure to toll the limitation period in this case will conflict seriously with the broad remedial and humane purposes of Title VII.* Specifically, he urges that Title VII embodies a strong federal policy in support of conciliation and voluntary compliance as a means of achieving the statutory mandate of equal employment opportunity. He suggests that failure to toll the statute on a § 1981 claim during the pen-

dency of an administrative complaint in the EEOC would force a plaintiff into premature and expensive litigation that would destroy all chances for administrative conciliation and voluntary compliance.

"We have noted this possibility above and, indeed, it is conceivable, and perhaps almost to be expected, that failure to toll will have the effect of pressing a civil rights complainant who values his § 1981 claim into court before the EEOC has completed its administrative proceeding. One answer to this, although perhaps not a highly satisfactory one, is that the plaintiff in his § 1981 suit may ask the court to stay proceedings until the administrative efforts at conciliation and voluntary compliance have been completed. But the fundamental answer to petitioner's argument lies in the fact—presumably a happy one for the civil rights claimant—that Congress clearly has retained § 1981 as a remedy against private employment discrimination separate from and independent of the more elaborate and time consuming procedures of Title VII. *Petitioner freely concedes that he could have filed his § 1981 action at any time after his cause of action accrued; in fact, we understand him to claim an unfettered right so to do. Thus, in a very real sense, petitioner has slept on his § 1981 rights.* The fact that his slumber may have been induced by faith in the adequacy of his Title VII remedy is of little relevance inasmuch as the two remedies are truly independent. Moreover, since petitioner's Title VII court action now also appears to be time-barred because of the peculiar procedural history of this case, petitioner, in effect, would have us extend the § 1981 cause of action well beyond the life of even his Title VII cause of action. We find no policy reason that excuses petitioner's failure to take the minimal steps necessary to preserve each claim independently." (Emphasis added, footnotes omitted.)

We find the reasoning applicable here, as both this state and the Federal government have strong public policies in favor of remedying any violation of an individual's civil rights. We hold that the

tolling of the statute of limitations is simply independent of the nature of the cause of action.

Affirmed. No costs, a public question being involved.

Bashara, J., concurred.

M. F. Cavanagh, J. *(dissenting).* I dissent. I would hold that the acquisition of jurisdiction over a defendant by the Michigan Civil Rights Commission tolls the statute of limitations as to a civil action for damages based on the same facts. MCLA 600.5856(2); MSA 27A.5856(2). The purposes and policies served by the statute of limitations would not be frustrated by the adoption of the tolling rule. See *Johnson v Railway Express Agency, Inc,* 421 US 454,473; 95 S Ct 1716, 1726; 44 L Ed 2d 295,309 (1975) (Marshall, J., concurring in part and dissenting in part). Also see *Cronin v Minster Press,* 56 Mich App 471, 480–481; 224 NW2d 336 (1974), where this Court ruled that an action commenced in a foreign jurisdiction came within the savings clause of MCLA 600.5856(2); MSA 27A.5856(2). The notification principle stressed in *Cronin* applies equally here. The statute of limitations was not designed to include cases such as the present one.

Although no Michigan case has applied MCLA 600.5856(2); MSA 27A.5856(2) to the jurisdiction acquired in a proceeding before an administrative tribunal or constitutional body like the CRC (Const 1963, art 5, § 29), neither has any case ruled against such an application. The question has never come up before. All the previous cases have involved court proceedings; none have involved a proceeding before a constitutionally created administrative tribunal.

In *Johnson v Railway Express Agency, Inc, su-*

*pra,* the Supreme Court looked to state law. If Tennessee had an exception or savings clause similar to Michigan's, it was not pointed out to the Court. The Court expressly relied on the state's wisdom in creating the limitation, and the exceptions thereto. In Michigan we have an exception which is available and applicable.

The plaintiff who resorts to the administrative procedures of the CRC and the possibility of conciliation before litigation should not be required to file at the same time a civil action for damages based on the same facts. Such a double filing is unreasonable. The court will either not proceed until the CRC has had opportunity to act or will proceed in frustration of the possibility of conciliation. No policy considerations warrant such a waste of judicial time and derogation of the conciliation process. See *Johnson v Railway Express Agency, Inc, supra,* 421 US at 474; 95 S Ct at 1727; 44 L Ed 2d at 310 (Marshall, J., concurring in part, dissenting in part).

My position on the tolling issue necessitates consideration of a constitutional issue. I do not think that MCLA 423.303a; MSA 17.458(3a), prior to its amendment in 1972, was unconstitutional under the title-object clause, Const 1963, art 4, § 24. The 1965 amendment to the body of the act was clearly within the title and the object of the act. To the extent that *Hudak v Ex-Cell-O Corp,* 58 Mich App 135; 227 NW2d 251 (1975), holds otherwise, I think it mistaken. The title of an act need not serve as an index of all that the act contains. *People v Milton,* 393 Mich 234; 224 NW2d 266 (1974), *Hertel v Racing Commissioner,* 68 Mich App 191; 242 NW2d 526 (1976). The title-object clause was not intended to strike down this type of amendment.