HIGH v S. S. KRESGE CO., K-MART DIVISION

CIVIL RIGHTS—ENFORCEABILITY—CIVIL RIGHTS COMMISSION—JURISDIC-
TION—COURTS—RECORD—APPEAL AND ERROR.

    A trial court which unequivocally held that a plaintiff possessed a
civil right to be free from discrimination in employment oppor-
tunity by reason of her sex had an obligation before ruling that
the right was unenforceable before the Civil Rights Commission
to take proofs on the issue of enforceability and to determine
on the record whether the right was unenforceable because of
some procedural infirmity in the raising of the issue before the
commission or because of some qualitative or quantitative
deficiency in the right itself; absent such specifics, proper
appellate review of the ruling cannot be made.

Appeal from Ingham, Donald L. Reisig, J. Sub-
mitted February 3, 1977, at Detroit. (Docket No.
28445.) Decided May 17, 1977.

Claim by Nelda High before the Civil Rights
Commission that K-Mart, a division of S. S. Kresge
Co. is guilty of discrimination in employment. A
hearing referee found for plaintiff. The commission
affirmed and ordered the defendant to employ the
plaintiff. Defendant appealed to circuit court.
Judgment for defendant and an order was issued
dismissing further proceedings before the Civil
Rights Commission for lack of jurisdiction. Plain-
tiff appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Michael A.*

REFERENCE FOR POINTS IN HEADNOTE
15 Am Jur 2d, Civil Rights § 358.

*Lockman,* Assistant Attorney General, for the Civil Rights Commission.

*Clark, Klein, Winter, Parsons & Prewitt* (by *David P. Wood, Fred W. Batten* and *David H. Paruch),* for defendant.

Before: N. J. KAUFMAN, P. J., and V. J. BRENNAN and O'HARA,* JJ.

O'HARA, J. This is an appeal by plaintiff, Civil Rights Commission, from an order of the circuit court granting what is denominated in its order "accelerated judgment". The order further dismissed the proceedings before the Michigan Civil Rights Commission for lack of jurisdiction to entertain and enforce what the circuit judge found "unequivocally" to be a "civil right with reference to discrimination in sex". This finding is pivotal to decision on appeal. The trial judge specifically incorporated by reference his opinion in the order of dismissal. No *de novo* hearing on the merits was had at trial level. Our review then is necessarily limited to the propriety of the grant of accelerated judgment, and his further finding that the commission lacked jurisdiction to entertain and enforce plaintiff High's claim.

The case reached the circuit court by the normal procedural route. Plaintiff High sought employment with defendant as a management trainee. She was advised the position was for men only because it involved a lot of travel. She filed a complaint with the commission alleging a violation of her civil rights by reason of discrimination because of her sex.

The requisite conciliation attempts failed. A

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

commission hearing officer found in favor of the commission, in effect sustaining the charge. On administrative appeal the commission affirmed the hearing officer and issued its order. Defendant appealed to the circuit court and disposition was made as hereinbefore set out.

We quote appellant's statement of the issues:

I.

"May the Michigan Civil Rights Commission secure the equal protection of those civil rights, based upon state or federal law, which are of the magnitude of fundamental rights of citizenship; specifically, the federal right to be free from sex discrimination in employment?

"The trial court answered 'NO'

"Appellant answers 'Yes'

II.

"May state courts properly take jurisdiction of matters based upon federal law?

"The trial court did not respond to this issue.

"Appellant answers 'Yes'

III.

"Was federal jurisdiction invoked?

"The trial court did not respond to this issue.

"Appellant answers 'Yes' "

Appellee conceives the issues differently and states them thus:

I.

"Is the argument of the Michigan Civil Rights Commission fundamentally erroneous for failure to distinguish between 'civil rights' and 'discrimination' in the exercise of such rights?

"The trial court answered 'Yes'

"Appellee answers 'Yes'

## II.

"May the Michigan Civil Rights Commission enlarge its grant of jurisdiction to include discrimination based on sex by application of Title VII in the absence of state constitutional authority or valid state statutes?

"The trial court answered 'No'

"Appellee answers 'No'

## III.

"Are both Mrs. High and the Michigan Civil Rights Commission barred from prosecuting actions based on Title VII in State as well as Federal courts, because both have failed to comply with the procedural and time prerequisites of Title VII?

"The trial court did not respond to this issue.

"Appellee answers 'Yes' "

In a case such as this with the variations in stated issues, the excellence of copious briefing and the vigor of oral argument there is a strong temptation to write lengthily to questions of state and Federal relationships, statutory and constitutional construction, the effect of a technical infirmity in an enabling statute on public policy as legislatively enacted, (see *Hudak v Ex-Cell-O Corp,* 58 Mich App 135; 227 NW2d 251 [1975]) and the evolution of various civil rights which are, or have become, incidents of citizenship derived from the ever developing common law.

The trial judge, as noted earlier, held that plaintiff had a civil right to be free from discrimination in employment opportunity by reason of her sex. Decisionally he held that this right was not enforceable by the Civil Rights Commission because it lacked jurisdiction.

In this regard we think the able trial judge was in error. Once he held plaintiff was "unequivocally" possessed of the right we think he was obligated to take proofs on the question as to *why*

the right was not enforceable by the commission and why it lacked jurisdiction. *Beech Grove Investment Co v Civil Rights Commission,* 380 Mich 405; 157 NW2d 213 (1968), by analogy demands no less. The record is incomplete. We cannot tell whether the trial judge found the stated unenforceability stemmmed from some procedural infirmity or from a qualitative or quantitative deficiency in the right itself. We are not sure whether he followed the *ratio decidendi* of the minority in *Beech Grove,* or whether he was implicitly holding the civil right was not of the magnitude which would elevate it to the level of an incident of citizenship based on constitution or statute, state or Federal, or the common law. Absent findings of such specifics, we cannot do justice on appellate review. Perforce we vacate the order granting accelerated judgment. The cause is remanded to the trial court for such proceedings consistent herewith as may properly ensue. No costs, a public question.