**Scott E. CAMPBELL, Plaintiff,**

v.

**Bernard VAN OSDALE; City of Niles; Niles Police Department; Carl Lowell; Labor Council, Michigan Fraternal Order of Police, Niles City Police Department, Patrol Officers Division; and Other Unnamed Co-Conspirators, jointly and severally in their individual, and in their official capacities, Defendants.**

**No. 1:92:CV:254.**

United States District Court, W.D. Michigan.

Oct. 28, 1992.

---

Scott Lee Teter, French, Lawrence & Teter, Cassopolis, MI, for plaintiff.

Michael S. Bogren, Plunkett & Cooney, P.C., Kalamazoo, MI, for defendants.

Kenneth W. Zatkoff, John A. Lyons, P.C., Troy, MI, for defendant Labor Council, Michigan Fraternal Order of Police.

## OPINION

ENSLEN, District Judge.

This case is before the Court pursuant to two summary judgment motions filed by the defendants in this case. There are five named defendants in this case. For purposes of clarity in this Opinion, these defendants break up neatly into two groups: (1) the "municipal defendants," including Bernard Van Osdale, City of Niles, Niles Police Department and Carl Lowell, and (2) the "union defendant"—Labor Council, Michigan Fraternal Order of Police, Niles Police Department, Patrol Offices Division. Both the municipal defendants and the union defendant have each filed one summary judgment motion.

The underlying cause of action in this case results from an alleged wrongful termination of employment. Plaintiff alleges several violations of law, which can be divided into two broad categories: (1) 42 U.S.C. § 1983 claims—Counts IV, V, VI and IX; and (2) breach of duty of fair representation (against only the union defendant)—Counts XIII & XIV. In an earlier Opinion, this Court dismissed without prejudice all the other Counts in plaintiff's complaint because they were pendent state claims.

Both the municipal defendants and the union defendant have made several arguments in favor of their motions for summary judgment. Because I find that all of plaintiff's claims are barred as untimely, I need not consider all of the other arguments presented by plaintiffs.

### Standard

In reviewing a motion for summary judgment pursuant to Rule 56, this Court should only consider the narrow questions of whether there are "genuine issues as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). On a Rule 56 motion, the Court cannot resolve issues of

fact, but is empowered to determine only whether there are issues in dispute to be decided in a trial on the merits. *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987); *In re Atlas Concrete Pipe, Inc.*, 668 F.2d 905, 908 (6th Cir.1982). The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986); *Booker v. Brown & Williamson Tobacco Co., Inc.*, 879 F.2d 1304, 1310 (6th Cir.1989).

A motion for summary judgment requires this Court to view " 'inferences to be drawn from the underlying facts ... in the light most favorable to the party opposing the motion.'" *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962)), *quoted in Historic Preservation Guild v. Burnley*, 896 F.2d 985, 993 (6th Cir.1989). On the other hand, the opponent has the burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a *'genuine issue for trial.'*" *Historic Preservation*, 896 F.2d at 993 (quoting *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356).

As the Sixth Circuit has recognized and consistently emphasized, recent Supreme Court decisions encourage the granting of summary judgments where there are no material facts in dispute. *Historic Preservation*, 896 F.2d at 993 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The courts have noted that the summary judgment motion may be an "appropriate avenue for the 'just, speedy and inexpensive determination' of a matter." *Cloverdale Equipment Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir.1989) (quoting *Celotex*, 477 U.S. at 327, 106 S.Ct. at 2555). Consistent with the concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] positions will be insufficient."

*Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. "Mere allegations do not suffice." *Cloverdale*, 869 F.2d at 937. "[T]he party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact." *Id.*

### Discussion

Counts IV, V, VI and IX—Section 1983 Claims

■ The following facts are not disputed: plaintiff filed this lawsuit on April 8, 1992, and plaintiff's Section 1983 claims accrued on March 10, 1989. Further, the parties all agree that the limitations period for a Section 1983 claim is three years, that being the residual personal injury statute of limitations in Michigan. Mich.Comp. Laws Ann. § 600.5805(8) (West); *see also McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir.1988).

The only argument raised by plaintiff is that the statute of limitations period was tolled because he pursued a grievance and arbitration process, apparently as required by the collective bargaining agreement. In support of this argument, plaintiff brings three cases to the Court's attention: *Galindo v. Stoody Co.*, 793 F.2d 1502 (9th Cir. 1986); *Trent v. Bolger*, 837 F.2d 657 (4th Cir.1988); and *Smart v. Ellis Trucking Co.*, 580 F.2d 215 (6th Cir.1978). Unfortunately, one of these cases, *Smart*, has effectively been reversed by the United States Supreme Court in *Del Costello v. International Bhd. of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), and all three of the cases involve the tolling of the limitations period for a breach of a duty of fair representation—there is absolutely no discussion in any of these cases of the tolling of the limitations period in a Section 1983 case.

■ The Sixth Circuit, as well as other federal districts courts in the Sixth Circuit, have made clear that the filing of a grievance under a collective bargaining agreement does not toll the limitation period of an applicable federal civil rights statute, such as § 1983. *Kessler v. Board of Regents*, 738 F.2d 751, 754 (6th Cir.1984); *Sled v. General Motors Corp.*, 405 F.Supp. 987, 988–90 & n. 1 (E.D.Mich.1976). In

*Kessler*, the Sixth Circuit held that: "[w]hen allegations of discrimination involve a termination from employment, *the critical date is the date of termination; the existence of a grievance procedure does not change the importance of this date.*" *Kessler*, 738 F.2d at 754 (quoting *Delaware State College v. Ricks*, 449 U.S. 250, 258, 261, 101 S.Ct. 498, 504, 505, 66 L.Ed.2d 431 (1980)) (emphasis added).

I find *Kessler* to be exactly on point as far as this case is concerned. Thus, plaintiff's only response to the defendants' limitations argument is clearly without merit. The limitations period was not tolled and plaintiff failed to file this lawsuit in time. Accordingly, I will grant summary judgment in favor of all defendants as to Counts IV, V, VI and IX.

Counts XIII & XIV—Breach of Duty of Fair Representation

■ Counts XIII & XIV allege that the union defendant breached a duty of fair representation. The limitations period for such a case is six months. *Del Costello v. International Bhd. of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Smith v. General Motors Corp.*, 747 F.2d 372 (6th Cir.1984); *see also Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986).

■ As stated above, plaintiff filed this lawsuit on April 8, 1992. The basis for the breach of fair representation claims was, apparently, the failure of the union to adequately represent plaintiff in an arbitration proceeding. Thus, the limitations period began running at the time plaintiff learned of the arbitrator's award. *See, e.g., Galindo*, 793 F.2d at 1509 ("where a duty of fair representation suit seeks to overturn an unfavorable arbitration award on the ground that the union committed errors in the arbitration proceedings, the claim accrues when the employee learns of the arbitrator's award") (citations omitted). Here, the unfavorable arbitration award was sent to plaintiff on January 24, 1991. The limitations period expired approximately July 24, 1991. Thus, this claim was brought a little under a year too late.

■ Plaintiff's only argument is that the six-month limitation period does not apply here. Instead, plaintiff insists that the Court should apply the three-year Michigan malpractice limitations period, Mich.Comp. Laws Ann. § 600.5805(8) (West), because the alleged duty breached by union was related to union malpractice committed during the arbitration hearing.

I disagree with plaintiff's argument. The *Galindo* case, *supra*, makes clear that the limitations period in a fair representation case, brought because of "union errors" (e.g., malpractice) committed during the arbitration proceedings, is six months. *Galindo*, 793 F.2d at 1509. Further, if plaintiff is arguing that Counts XIII & XIV of his complaint are really malpractice claims (which I do not think he is), he did not artfully draft his complaint. I construe these counts to spell out the union defendant's alleged breach of duty of fair representation.

Accordingly, I will grant summary judgment in favor of all defendants as to Counts XIII & XIV.