**Sherry L. HOUCK, Plaintiff,**

v.

**CITY OF PRAIRIE VILLAGE; Charles F. Grover; and Barbara Vernon, Defendants.**

**No. 95–4067–RDR.**

United States District Court, D. Kansas.

April 18, 1996.

Harold S. Youngentob, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for Sherry L. Houck.

Patricia A. Bennett, Bennett, Lytle, Wetzler, Martin & Pishny, L.C., Prairie Village, KS, Steven D. Steinhilber, Thaddeus J. McDonald, III, Sherman, Taff & Bangert, P.C., Kansas City, MO, for City of Prairie Village.

Patricia A. Bennett, Bennett, Lytle, Wetzler, Martin & Pishny, L.C., Prairie Village, KS, David W. Hauber, Boddington & Brown, Chtd., Kansas City, KS, for Barbara Vernon.

Lawrence L. Ferree, III, Kirk Thomas Ridgway, Ferree, Bunn & O'Grady, Chtd., Overland Park, KS, for Johnson County Sheriff's Department.

### MEMORANDUM AND ORDER

ROGERS, Senior District Judge.

This case is now before the court upon defendant Vernon's motion for reconsideration of this court's order which granted in part and denied in part defendant Vernon's motion to dismiss or in the alternative for summary judgment.

Initially, defendant Vernon asks the court to consider a statute of limitations defense against some of plaintiff's claims. In the order under reconsideration, the court declined to address the statute of limitations issue because it was raised with respect to defendant Vernon in a reply brief. Defendant, while conceding that the argument could have been delineated in better fashion, contends that the argument was raised sufficiently and that it should be addressed, particularly since it has the potential of narrowing the claims in this lawsuit. Plaintiff has responded by asking the court to maintain the position taken in the prior order and by claiming that the continuing violation theory should be applied in this case. Defendant has replied that plaintiff complains of isolated or unrelated incidents of discrimination which occurred in two different departments of city government and, therefore, the continuing violation theory is inapplicable.

The court believes by this time that both sides have had notice of the statute of limitations defense and an opportunity to present their arguments. So, the court believes it is fair to consider the statute of limitations defense at this point.

Initially, it should be noted that plaintiff is bringing a § 1983 action against defendant Vernon. Courts have been extremely reluctant to apply the continuing violation doctrine outside of the context of Title VII. One court has noted, "courts, including this one,

are wary to use the continuing violation doctrine to save claims outside the area of Title VII discrimination cases." *McGregor v. Louisiana State Univ. Bd. of Supervisors,* 3 F.3d 850, 866 n. 27 (5th Cir.1993) (citing cases), *cert. denied,* —— U.S. ——, 114 S.Ct. 1103, 127 L.Ed.2d 415 (1994).

■ The continuing violation doctrine permits a plaintiff to recover for incidents of discrimination that occurred outside the statutory time limitations. To invoke the continuing violation doctrine, a plaintiff must show either (1) a series of related acts against a single individual, at least one of which falls within the limitations period; or (2) a company-wide policy of discrimination both before and during the limitations period. *Purrington v. University of Utah,* 996 F.2d 1025, 1028 (10th Cir.1993). Although plaintiff has made reference to other persons who have allegedly been discriminated against, plaintiff does not allege a "company-wide" policy of discrimination by defendant Vernon. In other words, there is no allegation that Vernon executed a " 'pervasive, institutionalized system of discrimination' ... through employee policies and practices." *Id.* at 1029 (quoting *Elliott v. Sperry Rand Co.,* 79 F.R.D. 580, 585–86 (D.Minn.1978). Consequently, we turn our attention to whether plaintiff has sufficiently alleged a series of related discriminatory acts, at least one of which falls within the limitations period.

The limitations period for § 1983 actions is two years. This case was filed on April 26, 1995.

■ Before a series of allegedly related acts demonstrates a continuing violation, a court must find a " 'dogged pattern' of discrimination as distinguished from 'isolated and sporadic outbreaks.' " *Id.* at 1028, quoting *Bruno v. Western Electric Co.,* 829 F.2d 957, 961 (10th Cir.1987). Three inquiries are relevant to finding such a pattern: " '(i) subject matter—whether the violations constitute the same type of discrimination; (ii) frequency; and (iii) permanence—whether the nature of the violations should trigger an

employee's awareness of the need to assert her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate.' " *Mascheroni v. Board of Regents,* 28 F.3d 1554, 1561 (10th Cir.1994) quoting *Martin v. Nannie and the Newborns, Inc.,* 3 F.3d 1410, 1415 (10th Cir.1993).

■ Plaintiff has alleged that she has been the victim of discrimination in many different forms. She alleges that she was discriminated against in task assignments vis-a-vis a white male while working as a community service officer in 1990. She asserts that the city civil service commission asked improper questions of her when she applied to be a police officer in 1990. She claims that an anti-nepotism policy was unfairly applied to prevent her from becoming a police officer in 1992 and again in 1993 and 1994.[1] She claims that her job as a community service officer was unfairly abolished while that of a less-qualified white male with six months more seniority was retained in 1992. Plaintiff contends that after she took a job with the public works department in September 1992, she suffered in a hostile work environment. Finally, plaintiff alleges that she made complaints to defendant Vernon concerning all of the above-described matters and that Vernon failed to properly investigate plaintiff's complaints or take appropriate remedial action. It appears that defendant Vernon's investigation of plaintiff's complaints occurred within the limitations period for § 1983 claims.

The court finds that plaintiff's complaints regarding her work as a community service officer and her unsuccessful attempts to become a police officer are different from her hostile work environment claims. The claims seem sporadic and isolated, rather than part of a recurring "dogged pattern." Furthermore, plaintiff's failure to maintain her job as a community service officer and the rejection of her applications to be a police officer are incidents which have a degree of finality and permanence. A review of all of these factors suggests that plaintiff should not be able to

---

1. However, plaintiff is not basing any claim against defendant Vernon on the application of the anti-nepotism policy.

claim a continuing violation which extends to her employment as a community service officer and to her attempts prior to April 26, 1993 to become a police officer.

■ Finally, we do not believe defendant Vernon's role as an investigator provides a common thread sufficient to prove a continuing violation by Vernon or to provide a cause of action against Vernon for actions taken while plaintiff worked. First, we note that the case law cited in our previous order supports a cause of action for failure to investigate and stop harassment, but not the types of claims plaintiff asserts with regard to her employment with the police department. Second, we are unaware of any authority for permitting an alleged failure to investigate a grievance to extend a limitations period for bringing a cause of action concerning a discrete discriminatory act such as a failure to hire, promote, or retain an employee. On the other hand, in *Delaware State College v. Ricks*, 449 U.S. 250, 256–57, 101 S.Ct. 498, 503, 66 L.Ed.2d 431 (1980), the Court stated that mere continuity of employment without more is insufficient to prolong the life of employment discrimination action. Similarly, we do not believe a failure to investigate is sufficient to extend the life of plaintiff's claims in this case. Cf., *Campbell v. Van Osdale*, 810 F.Supp. 205, 207–08 (W.D.Mich. 1992) (filing of grievance under collective bargaining agreement does not toll limitation period for § 1983 claim).

For the above-stated reasons, we shall grant summary judgment against plaintiff's claims against defendant Vernon which do not allege a failure to investigate or take remedial action against harassment plaintiff allegedly suffered in the public works department. We believe the claims arising from plaintiff's job as a community services officer or her applications for a job as a police officer prior to April 26, 1993 are untimely and cannot be revived by the continuing violation theory.

■ Defendant's final argument in her motion for reconsideration asks the court to reconsider whether defendant provided sufficient evidence of an objective basis for the conduct of her investigations to shift the burden of proof to plaintiff to show a genuine dispute of material fact exists as to whether defendant acted or failed to act with an intent to discriminate. With her motion to dismiss or for summary judgment, defendant offered an affidavit with a broadly stated denial of discrimination and attached a copy of findings which she authored in connection with her investigations of plaintiff's complaints and grievances.

On the limited record before the court, we remain unwilling to grant summary judgment on the basis of the materials presented on behalf of defendant Vernon. It is the court's position after reexamining the reports that they do not shift the burden of production to plaintiff. The fact that defendant did not find harassment or discrimination, or that defendant acted in a limited fashion to correct discrimination, is not disputed by plaintiff. Indeed, that is the basis of plaintiff's claim.

Ultimately, the key question is whether plaintiff has sufficient proof of discriminatory intent to have her claims against defendant Vernon considered by a jury. This issue may be resolved upon a later summary judgment motion. However, the bald assertion that such proof does not exist, together with defendant's affidavit and attached materials, is not sufficient for this court to grant summary judgment, particularly when plaintiff has requested an additional chance, pursuant to FED.R.CIV.P. 56(f), to conduct discovery pertinent to this issue.

In conclusion, defendant Vernon's motion for reconsideration is granted in part and denied in part. The court finds that plaintiff's claims against defendant Vernon should be limited to those discriminatory acts occurring within two years of the date of filing this case. The court has also reexamined defendant Vernon's affidavit, but declines to modify our original order which did not grant defendant summary judgment on the basis of that affidavit and the attached materials.

**IT IS SO ORDERED.**