TYNER v FISHMAN

LIMITATIONS OF ACTION—INFANTS—STATUTES—AGE OF MAJORITY.

> A plaintiff whose cause of action arose when he was a minor and who was over 18 years of age when the age of majority was reduced from 21 years of age to 18 years of age had one year after the effective date of the Age of Majority Act in which to file an action on the claim (MCLA 722.51 *et seq.,* 600.5851).

Appeal from Oakland, William J. Beer, J. Submitted Division 2 October 10, 1974, at Lansing. (Docket No. 17521.) Decided October 21, 1974.

Complaint by Lawrence Tyner against Milton Fishman, doing business as Michigame Camp Ground Company, for damages for negligence. Defendant's motion for accelerated judgment denied. Defendant appeals by leave granted. Reversed and remanded.

*Leven, Logan & Ashare,* for plaintiff.

*James M. Prahler,* for defendant.

Before: QUINN, P. J., and BASHARA and VAN VALKENBURG,* JJ.

QUINN, P. J. On leave granted, defendant appeals from an order denying his motion for accelerated judgment, GCR 1963, 116.1(5). The basis for

REFERENCE FOR POINTS IN HEADNOTE

51 Am Jur 2d, Limitation of Actions §§ 144, 185.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the motion was that plaintiff's claim was barred by the statute of limitations.

The appeal presents the question of when the statute of limitations begins to run on the claim of an infant who was over 18 years of age when the Age of Majority Act became effective.

Plaintiff's cause of action arose July 1, 1964, when he was 11 years of age. His complaint was filed March 19, 1973. The Age of Majority Act, 1971 PA 79; MCLA 722.51 *et seq.;* MSA 25.244(51) *et seq.,* became effective January 1, 1972.

Prior to 1971 PA 79, the disability of infancy was removed at age 21, after which a claimant had one year within which to bring an action on a claim accruing during infancy, MCLA 600.5851; MSA 27A.5851. (The amendment to the latter statute will be discussed later in the opinion.)

The pertinent portions of 1971 PA 79 provide:

"Sec. 2. Notwithstanding any other provision of law to the contrary, a person who is 18 years of age but less than 21 years of age when this act takes effect, and a person who attains 18 years of age thereafter, is deemed to be an adult of legal age for all purposes whatsoever and shall have the same duties, liabilities, responsibilities, rights and legal capacity as persons heretofore acquired at 21 years of age.

Sec. 3. This act supersedes all provisions of law prescribing duties, liabilities, responsibilities, rights and legal capacity of persons 18 years of age through 20 years of age different from persons 21 years of age, including but not limited to the following enumerated public acts: [included in the enumerated acts is 1961 PA 236, the entire Judicature Act].

Sec. 4. This act does not impair or affect any act done, offense committed or right accruing, accrued or acquired, or a liability, penalty, forfeiture or punishment incurred before this act takes effect, but the same may be enjoyed, asserted and enforced, as fully and to the same extent as if this act had not been passed. Such

proceedings may be consummated under and in accordance with the law in force at the time the proceedings are or were commenced. Proceedings pending at the effective date of this act and proceedings instituted thereafter for any act, offense committed, right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred before the effective date of this act may be continued or instituted under and in accordance with the law in force at the time of the commission of the act, offense committed, right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred."

When the provisions of MCLA 600.5851; MSA 27A.5851 are read in conjunction with 1971 PA 79, it is apparent that those infants 18 years of age through 20 years of age on January 1, 1972 will be treated differently than infants under 18 on the same date. For example, an infant 18-1/2 years old on January 1, 1972 would have 3-1/2 years to bring an action on a claim accruing during infancy but an infant 17-1/2 years old would have only 1-1/2 years.

To correct this inequality, 1972 PA 87 was passed to amend MCLA 600.5851 effective March 20, 1972. MCLA 600.5851(1) was amended by substituting "an" for "any" preceding "action" on line 1 and "18" for "21" on line 2. A new subsection (6) was added:

"With respect to a claim accruing before the effective date of Act No. 79 of the Public Acts of 1971, being sections 722.51 to 722.55 of the Compiled Laws of 1948, disability of infancy shall be considered removed as of the effective date of Act No. 79 as to persons who were at least 18 years of age but less than 21 years of age on January 1, 1972 and shall be considered removed as of the eighteenth birthday of a person who was under 18 years of age on January 1, 1972."

As the result of this amendment, all infants had

one year from the removal of disability within which to bring an action on a claim accruing during infancy. This was the law prior to 1971 PA 79. The period of limitation was not affected by reducing the age of majority. We conclude that the time within which plaintiff could bring his action expired January 1, 1973.

Reversed and remanded for entry of an order granting defendant's motion for accelerated judgment with costs to defendant.

All concurred.