SMITH v BORDELOVE

1. LIMITATION OF ACTIONS—INFANTS.

Statutes of limitations apply to infants as well as to adults, unless exceptions are made in favor of infants.

2. LIMITATION OF ACTIONS—MEDICAL MALPRACTICE—TOLLING OF STATUTE—COMMENCEMENT OF SUIT—JURISDICTION—DISMISSAL WITHOUT PREJUDICE.

An adult has two years to commence a medical malpractice action from the time a claim accrues; the statute of limitations is tolled for the period of time during which a court has jurisdiction over a defendant, where a suit is commenced but later dismissed without prejudice, and thereafter begins to run again (MCLA 600.5805[3]).

3. LIMITATION OF ACTIONS—TOLLING OF STATUTE—INFANTS—INSANE PERSONS—PRISONERS—STATUTES.

A person first entitled to make an entry or bring an action who is under 18 years of age, insane or imprisoned at the time his claim accrues, or those claiming under him, have one year after the disability is removed through death or otherwise, to make the entry or bring the action, even though the period of limitations has run (MCLA 600.5851[1]).

4. LIMITATION OF ACTIONS—STATUTES—INFANTS.

Persons at least 18 and less than 21 years of age on January 1, 1972 had one year from that date to bring an action on a claim accruing during their infancy, although the period of limitations on the claim had run (MCLA 600.5851[6]).

5. LIMITATION OF ACTIONS—TOLLING—WORDS AND PHRASES.

To toll the statute of limitations means to show facts which remove its bar of an action.

REFERENCES FOR POINTS IN HEADNOTES

[1–4, 6] 51 Am Jur 2d, Limitation of Actions §§ 182–186.
    Appointment of guardian for incompetent or for infant as effecting running of statute of limitations against ward. 86 ALR2d 965.
[5] 51 Am Jur 2d, Limitation of Actions § 138.

6. LIMITATION OF ACTIONS—INFANTS—SUITS BY NEXT FRIEND.

> A suit commenced by a next friend during a plaintiff's infancy does not set in motion the statute of limitations for actions by infants; the plaintiff is still entitled to one year after the disability of infancy is removed in which to commence an action.

Appeal from Wayne, Thomas Roumell, J. Submitted June 2, 1975, at Detroit. (Docket No. 21606.) Decided August 13, 1975. Leave to appeal denied, 395 Mich 772.

Complaint by Louanne Smith against Manuel O. Bordelove, Cadieux Osteopathic Clinic, and Palmer Osteopathic Hospital East for damages for medical malpractice. Accelerated judgment for defendants. Plaintiff appeals. Affirmed.

*Metry, Metry & Sanom,* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *John P. Jacobs* and *Thomas M. O'Leary),* for defendant Manuel O. Bordelove.

*Kitch, Suhrheinrich & Getto, P. C.,* for defendant Palmer Osteopathic Hospital East.

Before: DANHOF, P. J., and R. B. BURNS and M. J. KELLY, JJ.

DANHOF, P. J. The lower court granted defendants' motion for accelerated judgment for the reason that plaintiff's claim was barred by the statute of limitations. The plaintiff appeals the subsequent dismissal. We affirm.

Plaintiff Louanne Smith, then a minor, was treated by the defendant physician, Manuel O. Bordelove, at defendant Palmer Osteopathic Hospital East, on June 22, 1966.

The plaintiff first instituted suit by next friend on June 21, 1968, alleging medical malpractice on

the part of the defendants. That case was dismissed without prejudice by the circuit court for no progress on November 16, 1970.

Pursuant to 1971 PA 79, the plaintiff, being between the ages of 18 and 21, reached the age of majority on January 1, 1972. The plaintiff brought the present action on her own behalf on December 27, 1973.

The only issue raised on appeal is whether the earlier action by plaintiff tolled the statute of limitations barring the present suit.

The Supreme Court in *Cugell v Sani-Wash Laundry Co,* 280 Mich 286, 288; 273 NW 571 (1937), stated:

"It is the rule that statutes of limitations apply to infants as well as to adults, unless exceptions are made in their favor."

At the time a medical malpractice claim accrues, an adult has two years under the statute of limitations within which he must commence the action. MCLA 600.5805(3); MSA 27A.5805(3). Where a suit is commenced, but later dismissed without prejudice, the statute is tolled for the period of time during which the court had jurisdiction over the defendant, and thereafter the statute begins to run again. *Stewart v Michigan Bell Telephone Co,* 39 Mich App 360, 368; 197 NW2d 465 (1972).

The Legislature has created an exception for infants. The applicable statute of limitations for infants is MCLA 600.5851; MSA 27A.5851, which reads in relevant part:

"(1) If the person first entitled to make an entry or bring an action is under 18 years of age, insane or imprisoned at the time his claim accrues, he or those

claiming under him shall have 1 year after his disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run.

* * *

"(6) With respect to a claim accruing before the effective date of Act No. 79 of the Public Acts of 1971, being sections 722.51 to 722.55 of the Compiled Laws of 1948, disability of infancy shall be considered removed as of the effective date of Act No. 79 as to persons who were at least 18 years of age but less than 21 years of age on January 1, 1972 and shall be considered removed as of the eighteenth birthday of a person who was under 18 years of age on January 1, 1972."

The Court in *Tyner v Fishman,* 56 Mich App 240, 242–243; 223 NW2d 651 (1974), determined that, pursuant to MCLA 600.5851(6); MSA 27A.5851(6), all persons between 18 years of age, but less than 21 years of age as of January 1, 1972 "had one year from the removal of disability within which to bring an action on a claim accruing during infancy".

The plaintiff in the instant case falls within the group specified in MCLA 600.5851(6); MSA 27A.5851(6). The one year period ran from January 1, 1972 to January 1, 1973. As such the statute bars her claim brought on December 27, 1973.

However, the plaintiff argues that the statute in the present case is tolled for the period during which the circuit court had jurisdiction in the prior suit.

The Court in *Buscaino v Rhodes,* 385 Mich 474, 481; 189 NW2d 202 (1971), stated the applicable principle:

" 'To toll the statute of limitations means to show facts which remove its bar of the action.' Black's Law Dictionary (4th ed), p 1658."

Further, the Court in *Klosky v Dick,* 359 Mich 615, 619; 103 NW2d 618 (1960), stated that the fact a suit is commenced by next friend during a plaintiff's infancy does not set the statute of limitations for infants in motion.

The facts of the instant case do not remove the bar of the statute of limitations. In line with *Klosky v Dick, supra,* the fact that a suit was commenced by next friend during infancy does not affect the running of the statute. The plaintiff was still entitled to one year after the disability of infancy was removed in which to commence her action. Contrary to *Stewart v Michigan Bell Telephone Co, supra,* no suit was commenced during the running of the statute that would toll it in the present case. Regardless of the prior suit, the statute of limitations in the instant case began to run on January 1, 1972 when the plaintiff reached the age of majority and continued to run while the plaintiff remained inactive during the subsequent one-year period.

Accordingly, we hold that the lower court was correct in granting the motion for accelerated judgment because the statute of limitations does bar the plaintiff's present action.

Affirmed. Costs to defendants.