FOSTER v WOODS

OPINION OF THE COURT

1. LIMITATION OF ACTIONS—STATUTES—INFANTS—AGE OF MAJORITY.

A plaintiff who was 19 years old when the Age of Majority Act
became effective on January 1, 1972, had one year from that
date to bring an action on a claim accruing during his infancy,
although the period of limitations on the claim had expired
(MCLA 600.5851, 722.51; MSA 27A.5851, 25.244[51]).

2. LIMITATION OF ACTIONS—INFANTS—AGE OF MAJORITY.

The Age of Majority Act did not shorten a limitation period but
only changed the age at which disability due to infancy was
removed.

DISSENT BY T. M. BURNS, J.

3. LIMITATION OF ACTIONS—CHANGE IN TIME PERIOD—REASONABLE
OPPORTUNITY TO SUE.

*A person does not have a vested right in the specific length of the
statute of limitations in effect when his cause of action accrues;
however, a legislative change in that length of time cannot be
so radical as to deprive a prospective plaintiff of a reasonable
opportunity to enforce his cause of action.*

4. LIMITATION OF ACTIONS—CONSTITUTIONAL LAW—DUE PROCESS.

*A statute of limitations that does not afford a reasonable time
within which suit may be brought violates the constitutional
provision that no person shall be deprived of property without
due process of law.*

5. LIMITATION OF ACTIONS—INFANTS—STATUTES—CONSTITUTIONAL
LAW—DUE PROCESS.

*A plaintiff was denied due process of law by a statute relating to
the disability of infancy where the statute arbitrarily and
unreasonably reduced the time in which a plaintiff could com-*

REFERENCE FOR POINTS IN HEADNOTES
[1–5] 51 Am Jur 2d, Limitation of Actions § 182 *et seq.*

*mence a civil action from 2-1/2 years to 9 months and 11 days (1972 PA 87; MCLA 600.5851; MSA 27A.5851).*

Appeal from St. Clair, Halford I. Streeter, J. Submitted June 11, 1976, at Detroit. (Docket No. 25009.) Decided September 7, 1976. Leave to appeal denied, 399 Mich 805.

Complaint by Thomas Foster against Peter Woods, Port Huron Area School District and others for damages for injuries arising out of an automobile accident. The school district moved for accelerated and summary judgment. Motion denied. The school district appeals by leave granted. Reversed.

*Wm. R. Walsh, Jr.,* for plaintiff.

*Harvey, Kruse & Westen, P. C.* (by *Mark D. Shoup),* for Port Huron Area School District.

Before: J. H. Gillis, P. J., and T. M. Burns and W. Van Valkenburg,* JJ.

J. H. Gillis, P. J. Defendant Port Huron Area School District appeals a St. Clair County Circuit Court order denying its motions for accelerated and summary judgment.[1]

Plaintiff was born on December 16, 1952. He was injured in an automobile accident in June of 1967 and commenced a civil action for damages against the defendants on December 11, 1974. Such action is properly barred by the statute of limitations.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Defendant Port Huron Area School District moved for accelerated judgment pursuant to GCR 1963, 116.1(5) on the ground that the suit was barred by the statute of limitations. MCLA 600.5851(6); MSA 27A.5851(6). The motion also sought summary judgment on the ground that the school district was immune from tort liability under MCLA 691.1407; MSA 3.996(107).

Plaintiff was 19 years old when the Age of Majority Act of 1971 became effective. See MCLA 722.51 *et seq.;* MSA 25.244(51) *et seq.* Thus, due to the passage of 1972 PA 87 (see MCLA 600.5851; MSA 27A.5851), the time within which plaintiff could bring his action expired January 1, 1973. *Tyner v Fishman,* 56 Mich App 240; 223 NW2d 651 (1974), see also *Smith v Bordelove,* 63 Mich App 384; 234 NW2d 535 (1975), *lv den,* 395 Mich 772 (1975). Hence, plaintiff commenced his action almost two years too late.

Plaintiff argues that the above cited statutes operate to unreasonably and retroactively shorten the period within which he previously would have been able to bring this action. *Cf. Manistee Bank & Trust Co v McGowan,* 394 Mich 655; 232 NW2d 636 (1975), *Carver v McKernan,* 390 Mich 96; 211 NW2d 24 (1973), *Reich v State Highway Department,* 386 Mich 617; 194 NW2d 700 (1972). These cases are inapposite. The Age of Majority Act of 1971, *supra,* and 1972 PA 87, *supra,* did not shorten a limitation period but only changed the age at which disability due to infancy was removed. Once disability was removed, a 1-year period remained during which an action could properly be brought.

Because we find that the motion for accelerated judgment must be granted, we need not discuss the defendant's argument concerning the motion for summary judgment.

Reversed and remanded for entry of an order granting the defendant's motion for accelerated judgment with costs to the defendant.

W. VAN VALKENBURG, J., concurred.

T. M. BURNS, J. *(dissenting).* Plaintiff was born on December 16, 1952, and was 14 years old when

he suffered his injuries. At the time his cause of action accrued he had until December 15, 1974, one year after his 21st birthday, to commence the action. MCLA 600.5851(1); MSA 27A.5851(1). On January 1, 1972, the Age of Majority Act became effective. Because plaintiff was 19 years old on that date, the act did not affect the removal of his minority disability. MCLA 722.54; MSA 25.244(54). On March 20, 1972, 1972 PA 87 became effective. Included in that act is a section which provides as follows:

"With respect to a claim accruing before the effective date of * * * [the age of majority act], disability of infancy shall be considered removed as of the effective date of * * * [the age of majority act] as to persons who were at least 18 years of age but less than 21 years of age on January 1, 1972 and shall be considered removed as of the eighteenth birthday of a person who was under 18 years of age on January 1, 1972." MCLA 600.5851(6); MSA 27A.5851(6).

On January 1, 1972, plaintiff was reassured that he could wait 2-1/2 years to file his complaint. On March 20, 1972, however, plaintiff suddenly had only nine months and eleven days, until December 31, 1972, to commence the action.

While a person may not have a vested right in the specific length of the statute of limitations in effect when his cause of action accrues, a legislative change in that length of time cannot be so radical as to deprive a prospective plaintiff of a reasonable opportunity to enforce his cause of action.[1]

"It is the essence of a law of limitation that it shall afford a reasonable time within which suit may be

[1] See 51 Am Jur 2d, Limitation of Actions, § 28, p 613.

brought * * * [citations omitted]; and a statute that fails to do this cannot possibly be sustained as a law of limitations, but would be a palpable violation of the constitutional provision that no person shall be deprived of property without due process of law." *Price v Hopkin,* 13 Mich 318, 324–325 (1865).

While 1972 PA 87 does not alter a limitations period per se, its change in the minority disability status of persons such as the plaintiff has the same effect of cutting off or reducing drastically the previously assured time period in which those persons could commence an action. The Legislature's reduction of time to commence this action from 2-1/2 years to nine months and eleven days was both arbitrary and unreasonable. Adding to the unfairness is the fact that the plaintiff was twice assured that he could wait until his 22nd birthday to bring suit: under the statutes in effect when his cause of action accrued and under the saving clause in the Age of Majority Act. Then an obscure amendment to the latter act was passed arbitrarily voiding the previous assurances.

I would hold that 1972 PA 87 is invalid as violative of the due process guarantees of the U.S. and Michigan Constitutions.