Keith ANDERSON, et al., Appellants,

v.

## LUTHERAN DEACONESS HOSPITAL, Respondent,

Dr. Louis A. Benesh, et al., Respondents.

No. 47064.

Supreme Court of Minnesota.

Aug. 12, 1977.

Johnson, Sands, Lizee, Fricker & Sprenger and Terence J. McCloskey, Minneapolis, for appellants.

Mahoney, Dougherty & Mahoney and Paul H. Jacobson, Minneapolis, for Lutheran Deaconess Hosp.

Johnson, Goetteman & Anderson and Burton D. Anderson, Minneapolis, for Benesh, et al.

KELLY, Justice.

Plaintiffs appeal from the entry of summary judgment for defendants, granted because the statute of limitations was held, by operation of the act lowering the age of majority, to bar this action. We affirm.

The facts have been stipulated for purposes of this appeal. Plaintiff Keith Anderson was born on April 24, 1953. He submitted to the care and treatment of defendants on January 11, 1972. That treatment ended with his discharge from Lutheran Deaconess Hospital on January 30, 1972.

Keith Anderson and his wife, Diane, commenced suit on January 28, 1975, in district court against the hospital and several doctors. They alleged medical malpractice for the failure to diagnose and treat hemophilous parainfluenza endocarditis. Keith Anderson sought general and special damages, and Diane Anderson sought damages for loss of care, maintenance, services, and consortium. Defendants each affirmatively pleaded the 2-year statute of limitations on malpractice actions, Minn.St. 541.07(1). Plaintiffs moved to strike these affirmative defenses, and the motion was denied. Defendants then moved for summary judgment on the basis of the statute of limitations, which motion was granted.

This appeal presents one issue: What effect did the act lowering the age of majority to 18 years have on a cause of action that

had accrued when plaintiff was 18 years old and under the disability of infancy which had tolled the statute of limitations until his twenty-first birthday?

The parties agree that Keith Anderson's cause of action accrued on January 30, 1972. Since malpractice actions are governed by a 2-year statute of limitations, the failure to commence suit in the instant actions [1] until January 28, 1975, would otherwise be untimely. When the action accrued, however, plaintiff was 18 years old and a minor, and, therefore, Minn.St.1971, § 541.15,[2] suspended the running of the limitations statute. Absent legislative action, Minn.St.1971, § 541.15, would have provided plaintiff a 1-year period after the removal of the disability of infancy (i. e., 1 year after his twenty-first birthday on April 24, 1974) to bring this action, and hence this suit would have been timely.

In 1973, however, the legislature lowered the age of majority from 21 years to 18 years, effective June 1, 1973. L.1973, c. 725. It accomplished this result by amending certain statutory provisions containing references to legal age, including Minn.St. 1971, § 541.15, and by adding Minn.St. 645.-452, terminating the common-law disabilities of minority at age 18, and Minn.St. 645.451, defining an adult as a person 18 years of age or older. Specifically exempted from the law's operation were existing state programs benefiting certain children, Minn.St. 260.40, and wills executed or trusts created before June 1, 1973, Minn.St. 525.-2221, and Minn.St. 501.461.

It is a question of legislative intent whether existing causes of action were affected by lowering the age of majority. If the legislature had desired, it could have shortened the limitations period for existing actions, so long as it provided a reasonable period for potential plaintiffs to prosecute their claims. *Kozisek v. Brigham*, 169 Minn. 57, 210 N.W. 622 (1926). Here the legislature did not speak explicitly to causes of action accrued to persons given the rights of adults by the act, i. e., individuals at least 18 years of age but less than 21 years of age on the effective date of the act.

Nevertheless, Minn.St. 541.15, read in the context of the act, suggests a logical result. Plaintiff was 20 years old on the effective date of the act. The disability of infancy was removed from him on that date. Since his disability had ceased, Minn.St. 541.15 no longer suspended the applicable statute-of-limitations period and provided him 1 year from the date of his adulthood, June 1, 1973, to commence this action. Plaintiff from that day was no longer disabled from prosecuting the action in his own name, and his delay until January 28, 1975, bars prosecution of this cause. This result finds support in decisions from other jurisdictions.[3]

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.

1. Since Diane Anderson's action is derivative of her husband's, it is subject to the same statute-of-limitations considerations. Cf. *Thill v. Modern Erecting Co.*, 284 Minn. 508, 170 N.W.2d 865 (1969).

2. Minn.St.1971, § 541.15 provided in pertinent part: "Any of the following grounds of disability, existing at the time when a cause of action accrued, shall suspend the running of the period of limitation until the same is removed; provided that such period, except in the case of infancy, shall not be extended for more than five years, nor in any case for more than one year after the disability ceases:

(1) That the plaintiff is within the age of 21 years."

Minn.St. 541.15(1) as amended by L.1973, c. 725, § 81, provides: "That the plaintiff is within the age of 18 years."

3. *Feest v. Allis Chalmers Corp.*, 68 Wis.2d 760, 229 N.W.2d 651 (1975); *Arnold v. Davis*, 503 S.W.2d 100 (Tenn.1973). But cf. *Stephens v. Stephens*, 85 Wash.2d 290, 534 P.2d 571 (1975) (legislature lowered the age of majority to 18 years, but did not amend statute suspending limitations period for disability until after plaintiff turned 21 years old; court found no implied repeal by the law lowering the age of majority); *Tyner v. Fishman*, 56 Mich.App. 240, 242, 223 N.W.2d 651, 652 (1974) (dictum: subsequent statute dealt explicitly with issue). Other courts construing similar acts have agreed that the disability of infancy is removed on the act's effective date. *Robusto v.*

*Johnson*, 87 Misc.2d 76, 385 N.Y.S.2d 246 (S.Ct.1976); *Atwell v. Playland Rye Comm.*, 86 Misc.2d 13, 380 N.Y.S.2d 845 (S.Ct.1975); *McKinney v. Armco Recreational Products, Inc.*, 419 F.Supp. 464 (D.Colo.1976). See, also, *Fisk v. Shunick*, 37 Ill.App.3d 81, 345 N.E.2d 194 (1976); *Foster v. Woods*, 71 Mich.App. 147, 246 N.W.2d 387 (1976). See, generally, Annotation, 75 A.L.R.3d 228.