HEAD v CHILDREN'S HOSPITAL OF MICHIGAN ·

Docket No. 62106. Decided November 26, 1979. On application by the plaintiff for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and remanded to the circuit court for further proceedings. Rehearing denied *post,* 1165.

Mauricia Head brought an action for negligence against Children's Hospital of Michigan arising out of complications caused by an oxygen treatment to the plaintiff sometime in the three months after she was born prematurely on December 3, 1954. The complaint was filed on October 16, 1975, after the plaintiff was 20 years old, and the Wayne Circuit Court, John M. Wise, J., granted summary judgment for the defendant on the ground that the statute of limitations had run on the plaintiff's claim. The Court of Appeals, J. H. Gillis, P.J., and S. J. Bronson and Robinson, JJ., affirmed in an unpublished per curiam opinion (Docket No. 30275). The plaintiff applies for leave to appeal. *Held:*

1. At the time the plaintiff was injured the applicable statute of limitations allowed two years to bring a suit based on medical malpractice and three years for a negligence action, and the plaintiff's disability of infancy extended these limitation periods by 21 years to December 3, 1977 as to any malpractice claim and to December 3, 1978 as to any negligence claim. When the Legislature reduced the period within which a person could bring suit to one year after attaining the age of majority, it also enacted a saving clause which mandated that the limitation of action would be governed by the law in effect at the time the cause of action accrued. Again, when the age of majority was reduced from 21 to 18, the Legislature enacted a saving clause preserving accrued rights. The two- and three-year limitation periods available to the plaintiff on the date when the injury occurred thus were not affected by reducing the time for bringing suit after reaching the age of majority or by the reduction of the age of majority, because the saving clauses preserved them.

2. By virtue of the operation of the saving clauses of the statutes of limitation, the plaintiff could bring a negligence

claim within three years of her eighteenth birthday. A malpractice claim would have to be brought within two years of the plaintiff's eighteenth birthday. The complaint in this case was filed on October 16, 1975. To the extent that the plaintiff's claim alleges negligence, other than medical malpractice, on the part of the defendant hospital, it was not subject to dismissal as barred by the statute of limitations.

The judgment of the Court of Appeals is reversed, and the matter is remanded to the circuit court for further proceedings.

*Moore, Barr & Kerwin* for plaintiff.

PER CURIAM. The issue for decision in this matter is whether the plaintiff's asserted cause of action is barred by the applicable statutes of limitations. We hold that to the extent the plaintiff's claim can be construed as based on medical malpractice it is barred, but that to the extent it can be construed as a claim for ordinary negligence it is not. Accordingly, we reverse in part the decisions of the circuit court and the Court of Appeals.

I

The plaintiff was born on December 3, 1954. She was born prematurely and was treated for complications caused by that fact at defendant hospital. The treatment involved the administration of oxygen to the plaintiff. It is claimed that the plaintiff was administered excessive amounts of oxygen sometime between December of 1954 and February of 1955. It is further alleged that as a result of the administration of excessive amounts of oxygen, the plaintiff suffered total and permanent blindness.

The plaintiff filed suit against defendant hospital on October 16, 1975. In her complaint, the plaintiff accused the defendant hospital and its agents and employees of negligence. Defendant hospital countered with a motion for accelerated judgment,

claiming that the applicable statute of limitations had run. The circuit court agreed with defendant hospital and granted the motion for accelerated judgment.

Plaintiff pursued an appeal to the Court of Appeals. The Court of Appeals, in an unpublished per curiam opinion, affirmed.

## II

The statute of limitations applicable at the time the plaintiff was injured allowed two years to bring a suit based on malpractice and three years to bring a negligence action. 1948 CL 609.13, subds (2) and (3); MSA 27.605, subds (2) and (3).

However, where, as here, the plaintiff was a minor at the time the cause of action allegedly arose, the running of the aforementioned statute of limitations was tolled until the attainment of the age of majority. Plaintiff was entitled to bring a malpractice suit within two years after attaining the age of majority and to bring a negligence action within three years after attaining the age of majority. When the plaintiff sustained her injuries, the age of majority was 21. At that time, calculating prospectively, she would have had until December 3, 1977 to file any malpractice claim and until December 3, 1978 to bring any negligence claim. 1948 CL 609.15; MSA 27.607.

Subsequently, the Legislature reduced the amount of time which a plaintiff, after attaining majority, could wait to bring suit upon a claim accruing during infancy to one year. 1961 PA 236, § 5851(1); MCL 600.5851(1); MSA 27A.5851(1). Also, on January 1, 1972, the Age of Majority Act became effective, reducing the age of majority from 21 to 18. 1971 PA 79; MCL 722.52; MSA

25.244(52). If these changes were applicable to the plaintiff, the time within which she could have instituted suit for malpractice would have been reduced by four years, and the reduction as to a cause of action for negligence would have been five years. Both the circuit court and the Court of Appeals concluded that these changes were applicable to the plaintiff and barred her suit.

However, when the Legislature reduced the amount of time which a plaintiff could wait to bring suit after attaining age 21 to one year, it also enacted a saving clause which mandated that the limitation of actions would be governed by the law in effect at the time the cause of action accrued. MCL 600.5869; MSA 27A.5869. See, also, MCL 600.9905; MSA 27A.9905.

In addition, when the Legislature reduced the age of majority from 21 to 18, it again enacted a saving clause, MCL 722.54; MSA 25.244(54), which provides:

"This act does not impair or affect any act done, offense committed or right accruing, accrued or acquired, or a liability, penalty, forfeiture or punishment incurred before this act takes effect, but the same may be enjoyed, asserted and enforced, as fully and to the same extent as if this act had not been passed."

In March of 1972, MCL 600.5851; MSA 27A.5851 was amended to conform to the Age of Majority Act. 1972 PA 87. A new subsection was added which provides:

"With respect to a claim accruing before the effective date of Act No. 79 of the Public Acts of 1971, being sections 722.51 to 722.55 of the Compiled Laws of 1948, disability of infancy shall be considered removed as of the effective date of Act No. 79 as to persons who were at least 18 years of age but less than 21 years of age on

January 1, 1972 and shall be considered removed as of the eighteenth birthday of a person who was under 18 years of age on January 1, 1972." MCL 600.5851(6); MSA 27A.5851(6).

The plaintiff was under 18 years of age on January 1, 1972. Accordingly, the disability of infancy was removed as of her eighteenth birthday —December 3, 1972. However, the two-. and three-year post-age-of-majority limitation periods available to the plaintiff on the date when the injury occurred were not affected because these periods were preserved by the aforementioned saving clauses. MCL 600.5869, 722.54; MSA 27A.5869, 25.244(54).

The Court of Appeals regarded this case as controlled by *Tyner v Fishman,* 56 Mich App 240; 223 NW2d 651 (1974), *Smith v Bordelove,* 63 Mich App 384; 234 NW2d 535 (1975), *lv den* 395 Mich 772 (1975), and *Foster v Woods,* 71 Mich App 147; 246 NW2d 387 (1976), *lv den* 399 Mich 805 (1977). These cases are distinguishable because each plaintiff's cause of action arose after the January 1, 1963 effective date of MCL 600.5851(1); MSA 27A.5851(1) and the saving provision of MCL 600.5869; MSA 27A.5869 therefore could not apply. Because the Court of Appeals had no occasion to consider the effect of this saving clause on the period of limitations applicable to a claim accruing to an infant prior to January 1, 1963, *Tyner* and succeeding cases failed to note that such claims were not subject to the one-year rule of MCL 600.5851(1); MSA 27A.5851(1).

Thus we conclude that by virtue of the operation of the aforementioned saving clauses, the plaintiff could permissibly file a negligence claim within three years of her eighteenth birthday. A malpractice claim would have to be filed within two years

of the plaintiff's eighteenth birthday. As noted, the complaint in the instant case was filed on October 16, 1975. To the extent that the plaintiff's claim alleges other than medical malpractice negligence on the part of defendant hospital, it was not subject to dismissal based on the contention that it was barred by the statute of limitations.

Therefore, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the judgments of the circuit court and the Court of Appeals and remand the matter to the circuit court for further proceedings consistent with this opinion.

Costs to plaintiff.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.