HERMAN v FORD MOTOR COMPANY

Docket No. 58522. Submitted June 2, 1982, at Detroit.—Decided September 21, 1982.

Plaintiff, Victor Herman, left the United States and began work-ing in an automobile plant in the Soviet Union in 1931. On July 20, 1938, plaintiff was arrested by the Russians and accused of spying for defendant, Ford Motor Company. Thereaf-ter, plaintiff was exiled to Siberia and was otherwise detained by the Soviet authorities until February 15, 1976, when he was allowed to leave the Soviet Union and return to the United States. On June 16, 1978, plaintiff filed the instant action seeking damages arising from the defendant's alleged breach of an alleged obligation to him to have the defendant's representa-tives available in the Soviet Union to assist him in his general welfare and in his departure from the Soviet Union upon completion of his contractual obligations and termination of employment in the automobile facility. The Wayne Circuit Court, Thomas Roumell, J., entered an order granting defen-dant's motion for an accelerated judgment on the ground that the claim was barred by a statute of limitations. Plaintiff appealed to the Court of Appeals which in an unpublished per curiam opinion, Docket No. 78-3295, affirmed the trial court and held that plaintiff's tort action was barred in 1940, and his other causes were barred in 1943, there being no statute tolling the applicable statute of limitations by reason of his imprison-ment in the Soviet Union. Plaintiff sought leave to appeal to the Supreme Court which, in lieu of granting leave to appeal, reversed the Court of Appeals and circuit court judgments and remanded to the circuit court for further proceedings. 409 Mich 870 (1980). The Supreme Court stated the statute of limitations

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment § 26 *et seq.*
[2] 51 Am Jur 2d, Limitation of Actions § 470.
 Raising statute by motion for summary judgment. 61 ALR2d 341.
[3] 17 Am Jur 2d, Contracts § 441 *et seq.*
[4] 22 Am Jur 2d, Damages §§ 8, 11.
[5] 51 Am Jur 2d, Limitation of Actions §§ 103, 135-137.
[6] 51 Am Jur 2d, Limitation of Actions § 107.

on plaintiff's tort and contract claims did not run while plaintiff was imprisoned in a Soviet prison or was otherwise detained outside the United States by the Soviet government. Upon remand, the Wayne Circuit Court, Thomas Roumell, J., granted defendant's motion for accelerated judgment holding that even if the statutes of limitation were tolled when plaintiff was held by Russian authorities, his claims remained barred by the statutes. Defendant appeals. *Held:*

1. The issue of whether a statute of limitations barred plaintiff's action could be raised by defendant after the Supreme Court's order and was not barred by the doctrine of the law of the case, since the Supreme Court's order expressly addressed only the legal issue of whether the statute of limitations was tolled while plaintiff was in Russian custody and did not indicate which statute of limitations was applicable nor whether plaintiff's suit was barred by a statute of limitations.

2. The plaintiff's causes of action accrued on the date of his imprisonment, July 20, 1938, therefore, the trial court incorrectly concluded that the claims accrued on the day the contract expired in 1934.

3. Plaintiff's complaint was timely filed since the cause of action accrued on July 20, 1938, and any applicable statute of limitations was tolled from that date until plaintiff's release on February 16, 1976. Therefore, regardless of whether the three- or six-year period of limitations applies, the applicable statute ran a total of only 28 months prior to the filing of the action.

4. The limitation of actions is governed by the law in effect at the time the cause of action accrued. In this case, such law provides that the period of time in which an action can be brought after a disability is removed is that of the original limitation in personal actions. Plaintiff's action is, therefore, not barred by the present statute providing that a party has one year after a disability is removed to bring an action.

Reversed and remanded.

1. JUDGMENTS — ACCELERATED JUDGMENTS.

All well-pled allegations are to be accepted as true and construed most favorably to the plaintiff in determining whether to grant a defendant's motion for an accelerated judgment; it is improper to grant an accelerated judgment where a factual issue exists.

2. JUDGMENTS — ACCELERATED JUDGMENTS — LIMITATION OF ACTIONS — COURT RULES.

An accelerated judgment is properly entered where the claim is

barred because of the statute of limitations (GCR 1963, 116.1[5]).

3. CONTRACTS — ACTIONS — ACCRUAL OF ACTION.

A cause of action based in contract and arising out of a breach of duty accrues at the time of the actual act or omission.

4. TORTS — ACTIONS — ACCRUAL OF ACTION.

A cause of action, in the case of an action for damages arising out of tortious injury to a person, accrues when all of the elements of the cause of action have occurred and can be alleged in a proper complaint.

5. TORTS — LIMITATION OF ACTIONS — PERSONAL INJURY — DAMAGES.

Once all of the elements of an action for personal injury, including the element of damage, are present, the claim accrues and the statute of limitations begins to run; later damages may result, but they give rise to no new cause of action, nor does the statute of limitations begin to run anew as each item of damage is incurred.

6. LIMITATION OF ACTIONS — ACCRUAL OF ACTION.

All actions and rights shall be governed and determined according to the law in effect at the time the cause of action accrued in respect to the limitation of such actions (MCL 600.5869; MSA 27A.5869).

*Robert H. Golden, P.C.* (by *Robert H. Golden*), for plaintiff.

*Kermit G. Bailer,* for defendant.

Before: BRONSON, P.J., and R. M. MAHER and M. WARSHAWSKY,* JJ.

M. WARSHAWSKY, J. Plaintiff, Victor Herman, appeals as of right from an order of the trial court granting defendant's motion for accelerated judgment, holding that plaintiff's claims were barred by the applicable statute of limitations under GCR 1963, 116.1(5).

The standard for determining whether to grant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

a motion for accelerated judgment requires that all well-pled allegations be accepted as true and construed most favorably to the plaintiff. *George v Petoskey,* 55 Mich App 433; 223 NW2d 6 (1974). An accelerated judgment is properly entered where the claim is barred because of the statute of limitations. GCR 1963, 116.1(5). Where a factual issue exists, however, it is improper to grant a motion for accelerated judgment. *Tonegatto v Budak,* 112 Mich App 575; 316 NW2d 262 (1982); *Kircos v Goodyear Tire & Rubber Co,* 108 Mich App 781; 311 NW2d 139 (1981); *H Hirschfield Sons, Co v Colt Industries Operating Corp,* 107 Mich App 720; 309 NW2d 714 (1981); *Baker v Detroit,* 73 Mich App 67; 250 NW2d 543 (1976). See Bashara, *The Elusive Summary Judgment Rule: Sifting Through the Maze,* 3 Det C L Rev 397 (1976). The trial judge is not called upon to determine facts.

Examination of plaintiff's complaint and deposition reveals the following asserted factual basis of plaintiff's claims. Victor Herman alleges that in the summer of 1931, at the age of 16, he was an employee of the Ford Motor Company. Plaintiff alleges that the Ford Motor Company contracted with the Soviet Union through a Russian corporation to lend technical assistance in the erection and operation of an automobile plant. Plaintiff asserts that both he and his father executed contracts with the Russian corporation committing them to travel to the Soviet Union and be employed in the building and staffing of the automobile facility in Russia. He asserts that prior to the execution of the agreement, he was interviewed by Ford Motor Company engineers and personnel and that representations were made to him that Ford Motor Company would maintain a representative in the Soviet Union to oversee the involvement of

Victor Herman and his co-workers with that coun-
try and to render necessary assistance to return
him to the United States upon completion of his
contractual obligations and termination of his em-
ployment in the automobile facility. Plaintiff al-
leges that Ford Motor Company had a special
relationship with the Soviet Union at that time
that would enable it to obtain permission for
plaintiff to depart the Soviet Union upon request.

Plaintiff, his father, and other members of his
family traveled to the Soviet Union in 1931. Upon
arrival, the family members began work in the
automobile plant in Gorky. Plaintiff, in his deposi-
tion, stated that he was arrested by the Russians
on July 20, 1938, and accused by the authorities of
spying for Ford Motor Company, although in his
complaint, plaintiff alleged that he was arrested in
1937. Thereafter, plaintiff was exiled to Siberia
and was otherwise detained by the Soviet authori-
ties until 1976 when he was allowed to leave the
Soviet Union and return to the United States.
Plaintiff alleges that during the entire period,
from his arrival in the Soviet Union until his
return to this country, defendant was in breach of
its obligation to him to have representatives avail-
able to assist him in his general welfare and in his
departure from the Soviet Union. For breach of
these obligations plaintiff claims damages.

The trial court initially entered an accelerated
judgment in favor of defendant on August 3, 1978,
on the ground the statute of limitations barred
plaintiff's claim. Plaintiff appealed as of right, and
on November 13, 1979, this Court affirmed the
trial court in an unpublished per curiam opinion,
Docket No. 78-3295. This Court held that plaintiff's
tort action was barred in 1940, and his other
causes were barred in 1943, there being no statute

tolling the applicable statutes of limitations by reason of his imprisonment in the Soviet Union.

Plaintiff sought leave to appeal to the Michigan Supreme Court. The Supreme Court, in a tersely worded order, from which COLEMAN, C.J., and RYAN, J., dissented, reversed the lower courts:

"Leave to appeal considered July 15, 1980 and, pursuant to GCR 1963, 853.2(4), in lieu of leave to appeal, we reverse the Court of Appeals 'and circuit court judgments and remand the case to the Wayne Circuit Court for further proceedings. The statute of limitations on plaintiff's tort and contract claims did not run while the plaintiff was imprisoned in a Soviet prison or was otherwise detained outside the United States by the Soviet government." *Herman v Ford Motor Co*, 409 Mich 870 (1980).

Upon remand to the trial court, defendant again brought motions for accelerated and summary judgments. The trial court held that even if the statute of limitations was tolled when plaintiff was held by Russian authorities, his claims remained barred by the statute. We reverse.

The statute of limitations in effect in 1938 provided as follows:

"All actions in any of the courts of this state shall be commenced within six (6) years next after the causes of action shall accrue, and not afterward, except as hereinafter specified: *Provided, however,*

\*   \*   \*

"2. Actions to recover damages for injuries to person or property shall be brought within three (3) years from the time said actions accrue, and not afterwards." 1929 CL 13976.

We reject plaintiff's suggestion that the issue of whether the statute of limitations barred his ac-

tion could not have been raised by defendant after the Supreme Court's order by virtue of the doctrine of the law of the case. See *Edwards v Joblinski,* 108 Mich App 371; 310 NW2d 385 (1981). The Supreme Court's order expressly addressed only the legal issue of whether the statute of limitations was tolled while plaintiff was in Russian custody. The Court did not indicate which statute of limitations was applicable to any of plaintiff's claims, nor whether plaintiff's suit was barred by a statute of limitations.

We reject, as incorrect, the trial court's conclusion that plaintiff's claims accrued on the day the contract expired in 1934. We reiterate what was said in our prior disposition of this case, and again conclude that plaintiff's causes of action accrued on the date of his imprisonment, alleged to be July 20, 1938, which we must accept as true for purposes of the motion:

"A cause of action based in contract arising out of a breach of duty accrues at the time of the actual act of [sic] omission. *Williams v Polgar,* 391 Mich 6; 215 NW2d 149 (1974). The pleadings in this cause do not definitively reveal the point in time at which plaintiff contends that Ford Motor Company failed to assist him in his departure from the Soviet Union and return to the United States. However, construing the pleadings most favorably for the plaintiff it must be assumed that in [1938] when the plaintiff was arrested and imprisoned by the Soviet authorities he would desire to depart from the Soviet Union for this country. According to the plaintiff's allegations the defendant's failure to act under the contract at that time would constitute a breach of the contract. Therefore, the contract cause of action accrued in [1938] at the latest.

"The decision in *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146; 200 NW2d 70 (1972), establishes the test for accrual of tort causes of action. In that case the Court stated:

" 'In the case of an action for damages arising out of tortious injury to a person, the cause of action accrues when all of the elements of the cause of action have occurred and can be alleged in a proper complaint.

*  *  *

" 'It is quite common in personal injury actions to allege and prove future loss of earning capacity, future medical expenses, future pain and suffering. Indeed all of these elements must be alleged and proved in a single cause of action. Once all of the elements of an action for personal injury, including the element of damage, are present, the claim accrues and the statute of limitations begins to run. Later damages may result, but they give rise to no new cause of action, nor does the statute of limitations begin to run anew as each item of damage is incurred.' *Connelly,* pp 150-151.

"Certainly an application of the method of accrual detailed in *Connelly, supra,* requires a holding that plaintiff's tort action accrued in [1938] when he was imprisoned by the Soviet authorities."

Given that plaintiff's causes of action accrued on July 20, 1938, and that any applicable statute of limitations was tolled from that date until plaintiff's release on February 15, 1976, the applicable statute would have run only a total of 28 months prior to the filing of the instant action on June 16, 1978. Regardless of whether the three- or six-year period of limitations applies, see *Huhtala v Travelers Ins Co,* 401 Mich 118; 257 NW2d 640 (1977), plaintiff's complaint was timely filed.

Defendant's argument that plaintiff's claim is also barred by MCL 600.5851(1); MSA 27A.5851(1), providing that a party has one year after a disability tolling the statute of limitations is removed to bring an action, ignores the language of MCL 600.5869; MSA 27A.5869. That saving clause mandates that the limitation of actions is governed by

the law in effect at the time the cause of action accrued, in this case, 1929 CL 13978, which provides that the period in which an action can be brought after a disability is removed is that of the original limitation in personal actions. See *Head v Children's Hospital of Michigan,* 407 Mich 388; 285 NW2d 203 (1979), *reh den* 407 Mich 1165 (1980).

Reversed and remanded.